IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV258-MU-02

| | |
|---|---|
| DENVER W. BLEVINS,              )  | |
|     Plaintiff,               ) | |
|                                 ) | |
|     v.                       ) | |
|                                 ) | |
| CLARENCE DELFORGE;              ) | |
| DONALD EDWARDS;                 ) | |
| BARNEY GREEN;                   ) | |
| DENNIS IAVORONE;                ) | |
| MARLENE TAYLOR;                 ) | |
| E. BERRYHILL;                   ) | |
| WICKIE THOMAS;                  ) | |
| THOMAS CAROL;                   ) | |
| BOYD BENNETT;                   ) | |
| DANNA LASSITER;                 ) | |
| TRACY WILKINSON;                )    **O R D E R** | |
| CAROLYN BUCHANAN;               ) | |
| RICK JACKSON;                   ) | |
| MICHAEL YORK;                   ) | |
| CAROL BUTLER;                   ) | |
| GAYLE McDOWELL;                 ) | |
| CORINA IDIA;                    ) | |
| DAVID DANIALS;                  ) | |
| DAVID STEWART;                  ) | |
| PATRICA CHAVIS;                 ) | |
| WILLARD JOBE;                   ) | |
| MICHAEL EASLEY;                 ) | |
| MICHAEL HAMDEN;                 ) | |
| J.K. WILLIAMS; and              ) | |
| MICHAEL BELL,                   ) | |
|     Defendants.              ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of the plaintiff's action which purportedly is being brought pursuant to various civil and criminal provisions, including 42 U.S.C. §§ 1983, 1985, 1986, 18 U.S.C. §§241, 242 and 371, filed June 21,

2006.  Inasmuch as the Court has determined that the plaintiff's so-called "Petition For A Writ Of Conspiracy" is unintelligible and otherwise frivolous, the same shall be <u>dismissed</u> in its entirety.

Indeed, as best as can be determined from a careful reading of the plaintiff's 20-page document, he believes that the above-named defendants--many of whom the Court recognizes as North Carolina and U.S. government officials and employees--are engaging in "ongoing criminal scheme[s] and conspirac[ies] . . . to delay, fraudulently alter, steal, conceal and intercept" his legal documents from various U.S. District Courts, with the result that he is being "unconstitutionally held in prison and . . . unlawfully [and] restrained of his life, liberty and property" for crimes which he "did not commit."

Notwithstanding his apparent efforts to do so, it is clear to this Court that the plaintiff has wholly failed to state a claim upon which relief can be granted.  That is, it is well settled that district courts have the authority to dismiss a complaint where the plaintiff's factual allegations are "clearly baseless."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  In determining whether a complaint is factually baseless or frivolous, a district court is not required to "accept without question the truth of plaintiff's allegations, but rather is permitted to apply common sense and reject the fantastic.  <u>Denton</u>

v. Hernandez, 504 U.S. 25, 32-33 (1992).

Here, the Court concludes that the plaintiff's bizarre and conclusory allegations are baseless. Therefore, this action must be dismissed. Moreover, to the extent that such allegations sound in habeas and are an attempt to challenge the legality of the plaintiff's criminal conviction(s), they still must fail because he has failed to establish that he has been authorized to proceed with a successive habeas proceeding.

Finally, the Court is aware that the plaintiff is a frequent federal filer, who already has had two other civil actions dismissed as frivolous (see 3:04CV131-01-MU in the WDNC and 5:02CT548 in the EDNC). In fact, those two cases essentially set forth the same allegations as were presented in this case.

In addition to those matters, the Court is aware that the plaintiff also has had at least two other civil actions dismissed for his failure to follow proper filing procedures (see 1:00cv1253 and 1:00CV806, both in the MDNC). By this Court's Order of dismissal, then, the plaintiff will go forth having previously had three civil cases dismissed for frivolousness. Thus, the plaintiff should be advised of 28 U.S.C. §1915(g) which provides that:

> in no event shall a prisoner bring a civil action . . . if the prisoner has on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in federal court that was dismissed on the ground that it was frivolous, malicious,

>   or failed to state a claim upon relief could
>   be granted, unless the prisoner is under
>   imminent danger of serious physical injury."

<u>To put it simply, the plaintiff is admonished that if he continues to attempt to file frivolous actions in this Court, he could be subjected to monetary sanctions</u>.

**NOW, IT IS THEREFORE ORDERED** that the plaintiff's case is dismissed as frivolous.  <u>See</u> 28 U.S.C. 1915(e).

**SO ORDERED.**

Signed: June 22, 2006

Graham C. Mullen
United States District Judge

4